RECEIVED
APR 1 8 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| GOLDIN ASSOCIATES, L.L.C. | CIVIL ACTION NO. 07-1805 |
| VERSUS | JUDGE DOHERTY |
| CENTRAL BOAT RENTALS, INC., ET AL. | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Pending before this Court is the Motion for Leave to Appeal [Doc. 4], filed by Goldin Associates, L.L.C. ("Goldin"). Goldin moves for an order granting leave of court to appeal the Bankruptcy Court's September 28, 2007 Order granting the "Motion Seeking Permission *Nunc Pro Tunc* to Prosecute Civil Litigation Against Goldin Associates, L.L.C. in the United States District Court for the Western District of Louisiana," filed by Central Boat Rentals, Inc. ("CBR"). The motion for leave to appeal is unopposed. For the following reasons, the motion for leave to appeal is GRANTED.

### I. Factual and Procedural Background

The factual background of this case is lengthy but succinctly set forth in Goldin's Motion to Leave to Appeal [Doc. 4] and Memorandum in Response to this Court's November 28, 2007 Minute Entry [Doc. 9] and will not be repeated herein.

The crux of the disputed issue is whether the Bankruptcy Court or the District Court has jurisdiction over a class action lawsuit filed against a trustee – Goldin – appointed by the Bankruptcy Court for alleged mishandling of certain litigation pursued by the Trust. In its September 28, 2007 Order, the Bankruptcy Court ruled it has no post-confirmation jurisdiction over such a class action lawsuit and that the class action lawsuit should, therefore, proceed in District Court. The class action

lawsuit in question, entitled *Central Boat Rentals, Inc. v. Goldin Associates, L.L.C.*, Civil Action No. 06-1324, has already been filed and is pending before Judge Tucker L. Melancon.[1]

In the instant matter that has been assigned to *this* Court, Goldin seeks leave of *this* Court to file an appeal seeking reversal of the Bankruptcy Court's September 28, 2007 Order.[2] Goldin argues the Bankruptcy Court erred when it held it does not have post-confirmation jurisdiction over the class action lawsuit, and further argues the class action lawsuit should proceed in the Bankruptcy Court rather than the District Court. Goldin contends the Bankruptcy Court's Order is appealable as a final order, or, alternatively, is appealable under the "collateral order doctrine." Additionally, Goldin contends that, even if this Court determines the order is interlocutory and not final, and not otherwise appealable under the "collateral order doctrine," this Court should grant leave to appeal pursuant to 28 U.S.C. §158(a)(3) and Bankruptcy Rule 8003.

## II. Law and Analysis

The source of district court jurisdiction over bankruptcy appeals can be found in 28 U.S.C. §158(a). Pursuant to 28 U.S.C. §158(a):

The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees;

---

[1] Upon notice by the parties that the two cases were related, this Court contacted Judge Melancon who was and is of the firm opinion the two cases are, in fact, not related.

[2] Goldin contends the questions presented on appeal will include: (1) whether the Bankruptcy Court erred by holding that it does not have post-confirmation jurisdiction to hear the claims asserted by CBR against Goldin in the District Court Litigation; and (2) whether the Bankruptcy Court erred by granting the Barton Motion and thus permitting CBR to continue to prosecute the District Court Litigation in the District Court.

*and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.* An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. §158(a)(1) (emphasis added). Rule 8003 of the Bankruptcy Rules addresses the technical requirements of filing a motion for leave to appeal.[3]

Goldin argues the Bankruptcy Court's September 28, 2007 Order is a final order pursuant to 28 U.S.C. 158(a), contending the sole and discreet dispute presented to the Bankruptcy Court – whether the Bankruptcy Court should have authorized CBR to pursue its putative class action in the District Court – was fully resolved by the Bankruptcy Court when the Bankruptcy Court entered an

---

[3] Rule 8003 states:

> (a) Content of motion; answer
>
> A motion for leave to appeal under 28 U.S.C. § 158(a) shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto. Within 10 days after service of the motion, an adverse party may file with the clerk an answer in opposition.
>
> (b) Transmittal; determination of motion
>
> The clerk shall transmit the notice of appeal, the motion for leave to appeal and any answer thereto to the clerk of the district court or the clerk of the bankruptcy appellate panel as soon as all parties have filed answers or the time for filing an answer has expired. The motion and answer shall be submitted without oral argument unless otherwise ordered.
>
> (c) Appeal improperly taken regarded as a motion for leave to appeal
>
> If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal. Unless an order directing that a motion for leave to appeal be filed provides otherwise, the motion shall be filed within 10 days of entry of the order.

Bankr. R. 8003.

order granting the relief sought by CBR, holding the Bankruptcy Court lacks jurisdiction over CBR's putative class action lawsuit. As such, Goldin contends the discrete dispute presented to the Bankruptcy Court has been fully resolved by the Bankruptcy Court, and the Bankruptcy Court has entered a final determination of the rights of the parties with respect to that issue.

Alternatively, Goldin argues the Bankruptcy Court's order is appealable under the "collateral order doctrine." The "collateral order doctrine" provides for appellate jurisdiction over "a 'small class' of rulings, not concluding the litigation, but conclusively resolving 'claims of right separable from, and collateral to, rights asserted in the action,' . . . [as such] claims are 'too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Will v. Hallock*, 546 U.S. 345 (2006) (citations omitted); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143 (1993), citing *Cohen*, 337 U.S. at 546; *Sherwinski v. Peterson*, 98 F.3d 849, 851 (5th Cir.1996).

To qualify for review under the collateral order doctrine, the order must (1) conclusively determine a disputed issue (2) be completely separate from the merits of the action, (3) be effectively unreviewable on appeal from a final judgment, (4) and be too important to be denied review. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996); *see also Aegis Specialty Mktg. Inc. v. Ferlita (In re Aegis Specialty Mktg. Inc. of Al.)*, 68 F.3d 919, 922 (5th Cir.1995), *citing Aucoin v. Southern Ins. Facilities Liquidating Corp. (In re Aucoin)*, 35 F.3d 167, 170 (5th Cir.1994)). "These conditions are conjunctive: failure of any one results in the failure of jurisdiction." Id., quoting *In re Delta Servs. Indus., Etc.*, 782 F.2d 1267, 1272 (5th Cir. 1986); *see also Gobert v. Caldwell*, 463 F.3d 339, 344 & n.4 (5th Cir. 2006); *Louisiana Ice Cream Distributors, Inc. v. Carvel Corp.*, 821 F.2d 1031, 1033 (5th Cir.1987).

Finally, Goldin contends that, even if the Bankruptcy Court's order is an interlocutory order, the Court should grant leave for the filing of the appeal pursuant to 28 U.S.C. §158(a)(3) and Bankruptcy Rule 8003. Section 158(a)(3) authorizes a district court to grant leave to appeal an interlocutory order from a bankruptcy court, but does not indicate the standard a district court should use in determining whether to grant leave to appeal. In the absence of such a standard, district courts within the Fifth Circuit have tended to consider the 28 U.S.C. §1292(b) factors in considering whether to grant leave to appeal an interlocutory order from a bankruptcy court.[4] *See, e.g., Powers v. Montgomery*, 1998 WL 159944, *2 (N.D. Tex. 1998) ("While there is no set standard in this Circuit for determining whether to grant leave to appeal, the Fifth Circuit has acknowledged that the large majority of district courts faced with the problem have adopted the standard under 28 U.S.C. §1292(b) for interlocutory appeals from Bankruptcy Court orders."); *In re Turner*, 1996 WL 162110, *1 (E.D. La. 1996) ("Because §158(a) contains no criteria to guide the exercise of my discretion in granting or denying an interlocutory appeal, district courts have looked to standards governing interlocutory appeals in 28 U.S.C. §1292(b).").

The Fifth Circuit has further stated "[t]he decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *Stumpf v. McGee (In re O'Conner)*, 258 F.3d 392, 399-400 (5th Cir.2001), *cited in In re Verges*, 2007 WL 955042, *1 (E.D. La. 2007).[5]

---

[4] In the absence of a definitive Fifth Circuit standard governing the issue before the Court, reference is made to the decisions of district courts within this circuit for guidance.

[5] The Fifth Circuit has not set down a hard and fast rule for determining when an interlocutory appeal should be allowed. See *Ichinose v. Homer National Bank*, 946 F.2d 1169, 1176 (5th Cir.1991); *In re Hunt International Resources Corporation*, 57 B.R. 371, 372 (N.D. Tex. 1985).

In *Ichinose*, the court stated:

This Court notes, as Goldin points out in its motion for leave, the determination of whether bankruptcy court orders are final or interlocutory has been left to common law development. In Collier on Bankruptcy, the commentators note:

> [t]he result has been a series of doctrinal threads that expand and contract depending on the case and the court. . . . One commentator has termed the law in this area 'an unacceptable morass,' 'a hodgepodge,' and 'a kind of crazy quilt of legislative and judicial decisions.' . . . Another has complained about the unconscionable intricacy of existing law regarding [the final judgment rule], depending as it does on overlapping exceptions, each less lucid than the next." (citations omitted).

Matthew Bender and Co., Inc., COLLIER ON BANKRUPTCY, p. 507 (15th ed. revised).

With the foregoing in mind, this Court notes it appears the Bankruptcy Court's September 28, 2007 order would be found to be a final, appealable order, inasmuch as there would be no satisfactory way to vindicate Goldin's rights regarding the issue of which court has proper jurisdiction over the putative class action – whether it be the Bankruptcy Court or the District Court – absent an immediate appeal. *See, e.g., Cajun Elec. Power Coop.*, 69 F.3d 746, 748 (5th Cir. 1995), citing *In re Plaze de Diego Shopping Center, Inc.*, 911 F.2d 820, 826 (1st Cir. 1990). Goldin argues the entirety of the class action lawsuit could ostensibly proceed in District Court – a process that could take several years – only for the parties to learn in the far-off future that the matter should have proceeded in the Bankruptcy Court with very different results. Nevertheless, the Court concludes it is unnecessary to determine whether the Bankruptcy Court's September 28, 2007 Order is a final,

---

Nonetheless, the vast majority of district courts faced with the problem [of having no articulable standard] have adopted the standard under 28 U.S.C. §1292(b) for interlocutory appeals from district court orders. [Internal citations omitted]. This standard consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation. *Neshaminy*, 81 B.R. at 303.

946 F.2d at 1176. The *Ichinose* court expressly declined to state whether consideration of the Section 1292(b) factors is proper in the context of a motion for leave to appeal brought pursuant to Section 158(a).

appealable order, because even if this Court were to conclude the Bankruptcy Court's Order were *not* a final order, this Court would conclude the Order is immediately appealable under either the "collateral order doctrine" or pursuant to Section 158(a)(3).[6] This Court concludes the instant appeal would conclusively determine whether the bankruptcy court has jurisdiction and thus should adjudicate that matter, or settle the question and end the alleged jurisdiction of the bankruptcy court over the class action, thus bringing finality to that issue. Furthermore, if not considered a final order, the Bankruptcy Court's Order would risk being unreviewable, and the Court concludes the matter of jurisdiction too important to be denied review. Thus, this Court concludes the Order also, could likely be subject to appeal under the "collateral order doctrine." However, perhaps most relevant, this Court concludes the foregoing factors demonstrate the "exceptional circumstances" contemplated by 28 U.S.C. §1292(b), which would permit an immediate appeal of the Order even if this Court were to determine the Order is not final.

Considering the foregoing, Goldin's Motion for Leave to Appeal [Doc. 4] is GRANTED. It is ORDERED that Goldin shall file its appeal brief, which shall not exceed 25 pages in length, on or before May 19, 2008. It is FURTHER ORDERED that appellee shall file a response brief, which shall not exceed 25 pages in length, on or before June 2, 2008. The issues on appeal shall be limited to the following discrete issues: (1) whether the Bankruptcy Court erred in holding it does not have post-confirmation jurisdiction to hear the claims asserted by CBR against Goldin in the District

---

[6] Nevertheless, this Court notes it grants leave for the filing of the appeal with full recognition – and accordant reservations – that this Court's ruling will have potential dispositive impact on the proceedings pending before Judge Melançon in *CBR v. Goldin*, Civil Action No. 06-1324. This Court is called on to rule on an issue already considered by the district judge in that case – whether the class action lawsuit should proceed in District Court or the Bankruptcy Court – and may result in inconsistent rulings on this issue. This Court had contacted the district judge upon the filing of the instant motion for leave to appeal to express the Court's reservations, but was informed by that district judge that the two matters are not, in fact, related.

Court Litigation; and (2) whether the Bankruptcy Court erred by granting CBR's motion thus permitting CBR to continue to prosecute the District Court Litigation in the District Court.

It is FURTHER ORDERED that the parties shall provide this Court with a full copy of the record in the Bankruptcy Court, including all Orders, Reasons for Ruling, and all transcripts of any oral arguments and/or hearings related to the matters on appeal.

Upon the filing of the foregoing briefs, the Court will deem the matter under advisement.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ____ day of April, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE